## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PANINI S.P.A.,

    Plaintiff,

 -against-

WORLD WRESTLING ENTERTAINMENT, INC.,

    Defendant.

Case No. 1:23-8324

**COMPLAINT FOR
DECLARATORY RELIEF**

Plaintiff Panini S.p.A. ("Panini"), through its undersigned counsel, hereby sues Defendant World Wrestling Entertainment, Inc. ("WWE") seeking a declaratory judgment that WWE has breached the agreement and other appropriate relief pursuant to a license agreement between the parties.

### <u>Introduction</u>

1. WWE and Panini signed a Consumer Products License Agreement on March 14, 2022 ("Agreement"), pursuant to which Panini has been and continues to produce trading cards and stickers using WWE intellectual property and paying WWE royalties for sales of the same.

2. Panini has performed under the contract, fulfilling its obligations under the Agreement and paying WWE royalties on the sold products licensed under the Agreement well in excess of the contractually guaranteed minimum payments, dramatically expanding the market for WWE trading cards and stickers.

3. Nonetheless, with no warning whatsoever, on August 28, 2023, Panini received a letter dated August 25, 2023, from WWE, purporting to terminate the Agreement for a purported

1

breach of the terms of the Agreement.

4.      Panini seeks declaratory judgment that WWE's purported termination was invalid and improper, and breached the Agreement.

## Parties

5.      Plaintiff Panini S.p.A. ("Panini") is an Italian corporation with its principal place of business in Modena, Italy.  Panini is a global company focused on producing collectible trading cards and stickers.

6.      Defendant World Wrestling Entertainment, Inc. ("WWE") is a Delaware corporation with its principal place of business in Stamford, Connecticut.

## Jurisdiction and Venue

7.      This Court has subject matter over the claims herein pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over WWE under New York CPLR 302(a)(1), as it has transacted business within the State of New York, and purposefully availed itself of the privilege of conducting activities in the state by transacting business in New York.

9.      Venue lies in this District pursuant to a mandatory forum selection clause in the Agreement between the parties, requiring that

> In the event there is any claim, dispute, or other matter in question arising out of or relating in any way to this Agreement or the performance thereunder (including, without limitation, any claims in law or equity whether based on torts, contracts or otherwise), it shall be submitted solely to the Southern District of New York as appropriate.  This provision to submit all claims, disputes or matters in question to the federal or state courts in the State of New York shall be specifically enforceable; and each party, hereby waiving personal service or process, consents to jurisdiction in New York for purposes of any other party seeking or securing any legal

2

and/or equitable relief.  The provisions contained in this Paragraph shall survive the termination and/or expiration of this Agreement.

## **Factual Background**

10.     WWE and Panini began discussing a possible licensing agreement for trading cards in 2021.

11.     WWE and Panini agreed to and signed a Binding Term Sheet on October 1, 2021, contemplating a four year licensing agreement covering the following licensed articles: "(1) Trading Cards; (2) Trading Card Games; (3) Collectible Stickers & Collector Albums for Stickers Sticker Album Collections."

12.     The Binding Term Sheet contemplated the parties executing a formal, long form written agreement to be negotiated in good faith incorporating the terms of the Term Sheet.

13.     After further negotiations, WWE and Panini agreed to and signed the long form agreement, the Consumer Products License Agreement ("Agreement"), on March 14, 2022, with an identified contractual Effective Date of January 1, 2022.

14.     The Agreement provided for a four year license, with a First Contract Year of 2022 and a Fourth Contract Year of 2025.

15.     Quickly following the signing of the Agreement, Panini launched the trading card set WWE Prizm in April 2022, and a set of stickers and sticker album in May 2022.

16.     From the first trading card set, Panini has included digital versions on its website of the physical trading cards it has launched.

17.     Panini has consistently used WWE trading cards for a game played at conventions and events called "Box Wars" or "Pack Wars," where participants bring a sealed box of a chosen trading card type to play, and the organizer selects a category or set of guidelines on what will determine a winner; each participant then opens a pack of cards, and the winner receives a prize.

18.     Panini continued to launch and sell products using the WWE licensed rights pursuant to the Agreement over the subsequent sixteen plus months, maintaining consistent contact with WWE including via weekly calls and weekly submissions for approval, and seeking and receiving approval for each product launched and sold with the WWE licensed rights.

19.     At no point did WWE identify any deficiencies in Panini's performance, complain about a failure to launch certain products or engage in any particular activities, or protest about any alleged failures by Panini to perform under the Agreement.

20.     Instead, WWE consistently accepted royalty payments from Panini provided pursuant to the Agreement, well in excess of the minimum guaranteed royalty payments under the Agreement, and praised Panini for tripling the business.

21.     Without warning, after over sixteen months of performing under the contract, Panini received a letter from WWE purporting to terminate the Agreement.

22.     The termination relied on provisions in the Agreement whereby WWE had a contractual right to terminate if Panini did not engage in good faith efforts to exploit the rights licensed to it under the Agreement.

23.     The provisions in question are similar, and state:

> Good Faith Effort to Exploit Rights. If within three (3) months of the Effective Date of this Agreement, Licensee has failed to take good faith steps to exploit the rights granted to it, including the creation of prototypes of each item of the Licensed Products and seeking to obtain WWE's approval of same, or if Licensee has failed to make the Licensed Products available for sale both in-store and online by no later than June 1, 2022, WWE shall have the immediate right to: terminate this Agreement; rescind the exclusive nature of any rights granted under this Agreement; or delete individual products from the definition of Licensed Products in subparagraph 1(f), as shall be determined by WWE in its sole discretion.

4

24.     Specifically, WWE claimed that Panini had not engaged in good faith efforts under the Agreement to exploit the licensed rights to the Licensed Product categories of "Physical Trading Card Games" and "Digital Trading Cards."

25.     WWE also demanded that Panini make immediate payment to WWE of the remaining years of contractual minimum royalty payments under the Agreement, alleging that $5,625,000 was "now immediately due and payable to WWE."

26.     Panini responded, explaining that it had not breached the Agreement, identifying the placement of digital trading cards on its website dating back to the launch of WWE Prizm in April 2022 and the playing of "Box Wars"/"Pack Wars" with WWE trading cards.

27.     Panini also noted that WWE and Panini had been working together under the Agreement for more than a year since any alleged breach would have occurred, and thus any right to terminate from the April 1 or June 1, 2022 dates had been waived and that WWE was estopped from asserting a right to terminate with no notice after having accepted Panini's performance for an extended period of time with no complaint.

### Count One

#### (Breach of Contract – Declaratory Judgment)

28.     Panini hereby repeats and realleges the allegations in Paragraph 1 through 27.

29.     WWE and Panini executed the Agreement on March 14, 2022, granting Panini exclusive and non-exclusive rights to produce trading cards and stickers until December 31, 2025.

30.     A contract therefore exists between WWE and Panini.

31.     Panini performed under the Agreement.

32.     On August 28, 2023, Panini received a letter from WWE dated August 25, 2023, purporting to terminate the Agreement and demanding Panini make immediate payment of $5,625,000 to WWE.

33.     WWE's purported bases for termination lack any basis in law or fact.

34.     Panini seeks declaratory judgment that it has not breached the Agreement, that WWE's purported termination is invalid and ineffective, and that the Agreement remains in full force.

## Count Two

### (Breach of Contract – Injunctive Relief)

35.     Panini hereby repeats and realleges the allegations in Paragraph 1 through 27.

36.     WWE and Panini executed the Agreement on March 14, 2022, granting Panini exclusive and non-exclusive rights to produce trading cards and stickers until December 31, 2025.

37.     A contract therefore exists between WWE and Panini.

38.     Panini performed under the Agreement.

39.     On August 28, 2023, Panini received a letter from WWE dated August 25, 2023, purporting to terminate the Agreement.

40.     WWE's purported bases for termination lack any basis in law or fact.

41.     The Agreement remains in full force.

42.     WWE, in purporting to terminate the four-year Agreement without valid justification or a right to terminate, has breached the contract.

43.     WWE's breach warrants injunctive relief enjoining WWE from engaging in, enforcing, carrying out, renewing, or attempting to engage in, enforce, or carry out, its attempts to terminate the Agreement.

44.     WWE's breach of the Agreement causes irreparable harm to Panini, including because it prevents Panini from carrying out the remaining term of its Agreement with WWE, in which Panini has invested significant resources, and damages Panini's business reputation.

45.     Monetary damages are inadequate to fully compensate for Panini's injury.

46.     Permanent injunctive relief in equity is warranted upon consideration of the balance of hardships between Panini and WWE including because Panini has invested significant resources to performing under the Agreement for the remaining term and because Panini will experience significant harm to its business reputation if WWE is not enjoined.

47.     The permanent injunction would not harm the public interest but would rather serve consumers' continued access to WWE trading cards and other products by allowing the status quo to continue.

48.     Accordingly, injunctive relief is warranted.

## **Prayer for Relief**

49.     Wherefore, Panini demands judgment against WWE as follows:

     a.   Declaring that Panini has not breached the Agreement;

     b.   Declaring that WWE's purported termination was invalid and ineffective;

     c.   Declaring that the Agreement remains fully in effect;

     d.   Declaring that Panini is not required to make immediate payment of $5,625,000 to WWE;

     e.   Declaring that WWE's purported termination breached the Agreement;

     f.   Awarding Panini injunctive relief; and

     g.    Any other relief that this Court deems just and proper.

Respectfully submitted,

*s/ Eric Brenner*_____

James P. Denvir*
Richard A. Feinstein*
**Boies Schiller Flexner LLP**
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
(202) 237-6131 (fax)
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

Sean Phillips Rodriguez*
**Boies Schiller Flexner LLP**
44 Montgomery Street
41st Floor
San Francisco, CA  94104
(415) 293-6800
(415) 293-6899 (fax)
srodriguez@bsfllp.com


*pro hac vice forthcoming*

David Boies
Eric J. Brenner
**Boies Schiller Flexner LLP**
55 Hudson Yards
20th Floor
New York, NY  10001
(212) 446-2300
(212) 446-2350 (fax)
dboies@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Jason Hilborn*
**Boies Schiller Flexner LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL  33301
(954) 356-0011
(954) 356-0022 (fax)
ssinger@bsfllp.com
smcelroy@bsfllp.com
jhilborn@bsfllp.com


*Counsel for Panini S.p.A.*

Dated:  September 20, 2023