UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANINI S.P.A., <br><br> Plaintiff, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Defendant. | Case No. 1:23-CV-08324-LGS |

**DEFENDANT'S ANSWER TO THE COMPLAINT FOR DECLARATORY RELIEF**

Defendant World Wrestling Entertainment, LLC (s/h/a World Wrestling Entertainment, Inc.) ("WWE"), by and through its counsel, hereby provides the following answers to the Complaint for Declaratory Relief dated September 20, 2023 (the "Complaint") filed by Plaintiff Panini S.p.A. ("Panini"). WWE otherwise denies all allegations in the Complaint not specifically admitted below, and any factual allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the allegations or in the Complaint as a whole.

**INTRODUCTION**

1.      WWE denies the allegations in paragraph 1, except admits that WWE and Panini signed the Agreement on or about March 14, 2022, pursuant to which Panini produced physical trading cards and stickers using WWE intellectual property and paid WWE royalties for sales of the same. WWE further responds that the allegations in paragraph 1 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

2. WWE denies the allegations in paragraph 2, except admits that Panini paid WWE royalties on the sold products licensed under the Agreement in excess of the contractually guaranteed minimum payments.

3. The allegations in paragraph 3 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

4. WWE denies the allegations in paragraph 4, except admits that Panini purports to seek the relief cited therein.

## PARTIES

5. WWE admits the allegations in paragraph 5.

6. WWE denies the allegations in paragraph 6.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 7, except admits that Panini purports to bring claims over which this Court has jurisdiction.

8. The allegations in paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 8, except admits that Panini purports to base personal jurisdiction on the statutory provision cited therein.

9. The allegations in paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 9, except admits that Panini purports to base venue on the contractual language cited therein.

**FACTUAL BACKGROUND**

10. WWE admits the allegations in paragraph 10.

11. The allegations in paragraph 11 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

12. The allegations in paragraph 12 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

13. WWE admits the allegations in paragraph 13.

14. WWE admits the allegations in paragraph 14.

15. WWE denies the allegations in paragraph 15, except admits that Panini launched the physical trading card set WWE Prizm in April 2022 and thereafter launched a set of stickers and sticker album.

16. WWE denies the allegations in paragraph 16.

17. WWE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and otherwise denies the allegations in paragraph 17.

18. WWE denies that the allegations in paragraph 18 fairly characterize the parties' course of dealing.

19. WWE denies the allegations in paragraph 19.

20. WWE denies the allegations in paragraph 20.

21. WWE denies the allegations in paragraph 21, except admits that WWE sent Panini a letter dated August 25, 2023, terminating the Agreement.

22. The allegations in paragraph 22 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

23. The allegations in paragraph 23 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

24. The allegations in paragraph 24 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

25. The allegations in paragraph 25 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

26. The allegations in paragraph 26 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

27. The allegations in paragraph 27 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

## PURPORTED COUNT ONE

28. WWE incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 27.

29. The allegations in paragraph 29 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

30. WWE denies the allegations in paragraph 30, except admits that the Agreement existed until it was terminated on August 25, 2023, and avers that Panini is still subject to obligations under the Agreement.

31. WWE denies the allegations in paragraph 31.

32. The allegations in paragraph 32 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

33. WWE denies the allegations in paragraph 33.

34. WWE denies the allegations in paragraph 34, except admits that Panini purports to seek the relief cited therein.

**PURPORTED COUNT TWO**

35. WWE incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 34.

36. The allegations in paragraph 36 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

37. WWE denies the allegations in paragraph 37, except admits that the Agreement existed until it was terminated on August 25, 2023, and aver that Panini is still subject to obligations under the Agreement.

38. WWE denies the allegations in paragraph 38.

39. The allegations in paragraph 39 purport to characterize the contents of a document that speaks for itself. WWE refers the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and denies such allegations to the extent inconsistent therewith.

40. WWE denies the allegations in paragraph 40.

41. WWE denies the allegations in paragraph 41.

42. WWE denies the allegations in paragraph 42.

43. The allegations in paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 43.

44. The allegations in paragraph 44 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 44.

45. The allegations in paragraph 45 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 45.

46. The allegations in paragraph 46 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 46.

47. The allegations in paragraph 47 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 47.

48. The allegations in paragraph 48 state a legal conclusion to which no response is required. To the extent a response is required, WWE denies the allegations in paragraph 48.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which the relief it requests may be granted.

### SECOND AFFIRMATIVE DEFENSE

Panini's claims are barred in whole or in part by its own breaches of the Agreement, omissions, and/or failure to perform.

### THIRD AFFIRMATIVE DEFENSE

The damages Panini seeks are the result of acts or omissions or bad faith on the part of Panini.

### FOURTH AFFIRMATIVE DEFENSE

Panini's claims are contrary to the plain language of the Agreement.

### FIFTH AFFIRMATIVE DEFENSE

Panini's purported claims are barred because WWE has complied with its obligations under the Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

Panini's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Panini's claims are barred in whole or in part by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Panini's claims are barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Panini's claims for injunctive relief are barred in whole or in part because Panini has an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

Panini's claims are barred in whole or in part because Panini will be unjustly enriched if awarded the relief it seeks.

**RESERVATION OF RIGHTS**

WWE expressly reserves the right to amend and/or supplement this Answer and the Affirmative Defenses.  WWE asserts all defensives (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, WWE respectfully requests that the Court issue an Order:

(1) dismissing the Complaint in its entirety and with prejudice;

(2) awarding WWE any reasonable counsel fees, expenses, and disbursements in connection with this action; and

(3) granting to WWE such other relief as this Court deems just and proper.

**JURY DEMAND**

WWE hereby demands a trial by jury on all claims, issues, and damages so triable.

Dated: October 27, 2023
New York, New York

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Gregory F. Laufer*
Daniel J. Kramer
Gregory F. Laufer
Samantha A. Weinberg
Emily A. Vance
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
dkramer@paulweiss.com
glaufer@paulweiss.com
sweinberg@paulweiss.com
evance@paulweiss.com

*Attorneys for Plaintiff World Wrestling Entertainment, LLC (s/h/a World Wrestling Entertainment, Inc.)*