**BSF** | BOIES SCHILLER FLEXNER

> It is hereby **ORDERED** that an evidentiary hearing or oral argument on the preliminary injunction motion will be held on **November 27, 2023, at 2:15 P.M.** in Courtroom 1106 of the United States District Court for the Southern District of New York at 40 Foley Square, New York, New York. An order further advising the parties about the hearing, including any time limits, will issue after the motion is fully briefed.

November 1, 2023

> The parties and their counsel shall confer live and in real time to discuss a temporary path forward to govern the parties' relationship while awaiting a court order or to avoid the need for a court order. By **November 14, 2023**, they shall file a joint letter detailing the extent of their communications (i.e., who conferred, by what means, how long and when) and the result.

Via ECF
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Dated: November 3, 2023
> New York, New York

*/s/ Lorna G. Schofield*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Panini S.p.A. v. World Wrestling Entertainment, Inc.,
Case No. 1:23-cv-08324-LGS

Dear Judge Schofield:

On behalf of Plaintiff / Consolidated Defendant Panini, S.p.A ("Panini"), we write as directed in the Court's October 11, 2023, Order, to provide information concerning a potential factual hearing on Defendant / Consolidated World Wrestling Entertainment, Inc.'s ("WWE") pending motion for a preliminary injunction in the above-referenced consolidated matter.

Disputed Factual Issues

Based on the briefing to date[1], Panini does not believe there are disputed issues that require a factual hearing, especially given WWE's heavy burden in seeking a mandatory injunction that would disrupt the existing business relationship between the parties under the governing license agreement (the "License Agreement"). *See* Panini Opp. Br. at 8-9 [Dkt. 26].

With respect to merits issues, Panini submits that the parties' differing interpretations of the relevant provisions in the License Agreement can be evaluated by the Court by reference to the governing contractual language itself. *See* Panini Opp. Br. at 9-14. Likewise, WWE's fifteen months of acquiescence in the conduct it now claims justifies termination is undisputed as a factual matter. In determining if WWE has met its burden of showing a strong likelihood of success on the merits, the Court can evaluate Panini's waiver and estoppel defenses based on the legal significance of the relevant facts under governing principles of New York law. *See id.* at 14-20; Warsop Decl. ¶¶ 15-21 [Dkt. 28].

With respect to the issue of irreparable harm, WWE's lengthy delay in seeking to terminate is undisputed, as is the fact that Panini has affirmed the continuing force of the License Agreement and the oversight and approval protocols in that agreement, and is not offering for

---

[1] WWE has not yet submitted its reply in support of its motion for a preliminary injunction. Panini reserves all rights to make a supplemental submission on these issues to the extent warranted by any new factual or legal issues raised in WWE's reply papers.